UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(CLARKSBURG)

MARY LOUISE PEASLEE, individually
and as Executrix of the estate
of Paul C. Peaslee, deceased,

    Plaintiff,

Vs.                      CIVIL ACTION NO. 1:10-CV-105
                              JUDGE KEELEY

KAWASAKI MOTORS CORP., USA,
A foreign corporation,

    Defendant.

## AMEND COMPLAINT

Now comes Plaintiffs, by counsel, and for her amended complaint state as follows:

1.     The Plaintiff Mary Louise Peaslee is a resident of Preston County, West Virginia, and is the Executrix of the Estate of Paul C. Peaslee, who died on August 7, 2010.

2.     The Defendant Kawasaki Motors, Corp., USA, is a foreign corporation engaged in the design, manufacture and/or distribution of off road utility vehicles, including the Kawasaki Mule 3010.

3.     On or about August 22, 2009, in Preston County, West Virginia, the Plaintiff's decedent Paul Peaslee operated a 2007 Kawasaki Mule 3010, designed, manufactured or distributed by the Defendant Kawasaki Motors Corp., USA. The Plaintiff's decedent operated the 2007 Kawasaki Mule in the manner and use for which it was intended by the

1

EXHIBIT A

Defendant, or in a manner that could have been foreseen by the Defendant, and as a proximate result of a design defect in the vehicle, was severely injured.

5.  On or about August 22, 2009, the said Kawasaki Mule was "design defective" in that it was not reasonably safe for its intended purpose, as a proximate result of which the Plaintiff's decedent Paul Peaslee was severely injured. The aforementioned vehicle was "design defective" in the following particulars, to-wit: the handbrake was located on the driver's side of the vehicle and was equipped with a release button that was apt to be tripped when a driver exits the vehicle. The Plaintiff's decedent Paul Peaslee attempted to exit the vehicle and unknowingly released the handbrake by hitting the release button with his leg. The vehicle then drifted swiftly downhill, dragging the Plaintiff's decedent Paul Peaslee along, and upset on top of him, causing him grievous bodily injury.

6.  On or about August 22, 2009, the said Kawasaki Mule was "use defective" because of the Defendant's failure to warn of dangers which were present when the product was used in a particular manner, as a proximate result of which the Plaintiff's decedent Paul Peaslee was severely injured, to-wit: the Defendant Kawasaki Motors Corp., USA, failed to warn operators of the vehicle that the handbrake could be unknowingly tripped when the driver exits the vehicle.

7.  The Plaintiff's decedent Paul Peaslee used the Kawasaki Mule in a manner and for a purpose for which the vehicle was intended by its manufacturer and/or distributor.

8.  The Kawasaki Mule which was designed, manufactured or distributed by the Defendant was not merchantable under W. Va. Code 46-2-314, to wit: it was not fit for the

ordinary purpose for which the Kawasaki Mule is used insofar as it was unsafe for use, the handbrake was liable to be unknowingly tripped, and there was no warning that the handbrake could be unknowingly tripped when exiting the vehicle.

9. The Kawasaki Mule which was designed, distributed and/or manufactured by the Defendant was not fit for the particular purpose for which it was intended under W.Va. Code 46-2-315, to wit: the Defendant has advertised the product as fit for off road use, use on uneven terrain and/or in an agricultural setting, yet the product was not safe for that purpose insofar as it was not safe to park the machine on a hillside and exit the vehicle. The Plaintiff's decedent relied on the Defendant's skill and judgment in selecting a UTV for his off road and agricultural purposes, for which the Kawasaki Mule was not fit.

10. As a proximate result of the defectiveness of the product designed, manufactured and/or distributed by the Defendant Kawasaki Motors Corp. USA, and further as a proximate result of the Defendant's violation of the Uniform Commercial Code, the statutes of the State of West Virginia and the common law of the West Virginia, and further as a proximate result of the Defendant's breach of express and implied warranties of merchantability and fitness for a particular purpose, the Plaintiffs suffered injuries and damages, to-wit:

a. Medical bills
b. Pain and suffering
c. Loss of income and services
d. Loss of earning capacity
e. Loss of ability to enjoy life
f. Loss of consortium.

3

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount that will fully and fairly compensate her for the injuries and damages sustained, plus prejudgment interest, post judgment interest, costs, attorney fees and whatever other relief this court finds just.

A JURY TRIAL IS DEMANDED.

MARY LOUISE PEASLEE,
By Counsel.

/s/ C. Paul Estep
C. Paul Estep, Esq., WV Bar #5731
Steven L. Shaffer, Esq. WV Bar #9365
Estep & Shaffer, L.C.
212 W. Main Street
Kingwood, WV 26537
Telephone (304) 329-6003
Fax (304) 329-6450

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(CLARKSBURG)

MARY LOUISE PEASLEE, individually
and as Executrix of the estate
of Paul C. Peaslee, deceased,

   Plaintiffs,

Vs.           CIVIL ACTION NO. 1:10-CV-105
             JUDGE KEELEY

KAWASAKI MOTORS CORP., USA,
A foreign corporation,

   Defendant.

## CERTIFICATE OF SERVICE

  I, C. Paul Estep, hereby certify that on the 20th day of September, 2010, I electronically filed the foregoing **AMENDED COMPLAINT,** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

      Clem C. Trischler, Esquire
      Pietragallo Gordon Alfano
      Bosick & Raspanti, LLP
      One Oxford Centre, 38th Floor
      Pittsburgh, PA 15219

      /s/ C. Paul Estep
      C. Paul Estep, WV State Bar #5731
      Estep & Shaffer, L.C.
      212 W. Main Street
      Kingwood, West Virginia 26537
      (304) 329-6003